UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DARRYL FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:23-CV-1-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| USP MCCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Darryl Franklin has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1.]  The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In March 2003, in exchange for the dismissal of numerous firearms charges and the government's agreement not to seek the death penalty, Franklin pleaded guilty to four counts of carjacking in violation of 18 U.S.C. § 2119(1) and one count of carjacking resulting in death in violation of 18 U.S.C. § 2119(3).  *See generally United States v. Franklin*, No. 2:02-CR-304-CJB-2 (E.D. La. indictment filed 2002).  The trial court sentenced Franklin to serve 180 months in prison for each of the carjackings and life in prison for the carjacking resulting in the death of Christopher Briede.  *Id.* at R. 117.  The court ordered those terms to be served concurrently with

---

[1]  A petition will be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Franklin's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (per curiam) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (cleaned up).

one another and with any sentence imposed in Case No. 434-091 "B" then pending in the Criminal District Court of Orleans Parish charging Franklin with murder. *Id.* Franklin did not file a direct appeal.

Franklin filed his first motion under 28 U.S.C. § 2255 in 2016, thirteen years after his conviction. *Id.* at R. 432. He challenged the validity of his guilty plea and asserted *inter alia* that the trial court erred by sentencing him "under the wrong statute and wrong guidelines." *Id.* The trial court denied relief on several grounds, including that Franklin's motion was untimely and his claims procedurally defaulted. *Id.* at R. 452. In addition, the court noted that Franklin had expressly waived the right to appeal or collaterally attack his sentence in his plea agreement. *Id.*

Franklin asserts two claims in his present § 2241 petition. First, he contends that the evidence established only that he committed carjacking in violation of 18 U.S.C. § 2119(1), not that it resulted in death in violation of 18 U.S.C. § 2119(3). [R. 1.] Franklin invokes *Jones v. United States*, 526 U.S. 227 (1999), in support of this claim. [R. 1-2, pp. 2, 7-13.] Second, Franklin repeats his argument that his sentence was governed by a different guideline. [*Id.* at 13-16.]

The Court has reviewed Franklin's petition but will dismiss it for lack of jurisdiction. A prisoner seeking habeas relief under § 2241 must point to a decision of the United States Supreme Court, handed down *after* his conviction became final, and which establishes that as a matter of statutory interpretation either that his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because one or more of his prior convictions could not be properly used to enhance it, *Hill v. Masters*, 836 F.3d 591, 595, 599-600 (6th Cir. 2016). In addition to other requirements not pertinent here, to properly invoke § 2241 the prisoner must demonstrate that he

had no prior reasonable opportunity, either on direct appeal or in an initial § 2255 motion, to make

his argument that "a new Supreme Court case hints his conviction or sentence may be defective."

*Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019).  If the prisoner's § 2241 petition fails

to satisfy these criteria, the habeas court lacks jurisdiction to entertain it.  *Taylor v. Owens*, 990

F.3d 493, 499 (6th Cir. 2021).

Franklin's claims satisfy none of the applicable requirements to invoke this Court's habeas

jurisdiction.  As Franklin seems to recognize, his challenge to the higher sentence he received for

his "death results" conviction under § 2119(3) is a challenge to his conviction, not his sentence,

because the resulting death is a separate element of the offense that must be independently proved

to establish the § 2119(3) violation.  *United States v. Blake*, 571 F.3d 331, 351 (4th Cir. 2009)

(*citing Jones*, 526 U.S. at 251-52).

Purporting to rely on *Jones*, Franklin contends that the undisputed facts do not support his

death results conviction under § 2119(3).  [R. 1-2, p. 7.].  But that decision does not relate to, let

alone support, his contention.  *Jones* established only that the resulting death is an element of a

distinct offense under § 2119; it did not address the sufficiency of the evidence necessary to support

a conviction under the statute.  *See Jones*, 526 U.S. at 232-51.  In any event, *Jones* was decided in

1999, four years *before* Franklin's conviction, not after it.  *Jones* therefore does not constitute an

intervening decision of the Supreme Court permitting collateral review under § 2241.  *Cf. Wright*,

939 F.3d at 695.

Even if this were not so, in his plea agreement, Franklin expressly admitted that he violated

§ 2119(3).  Therefore, the government was not required to prove the elements of the offense

because Franklin admitted all of the facts essential to sustain his conviction when he pleaded guilty.

*United States v. Broce*, 488 U.S. 563, 569-70 (1989) ("A plea of guilty and the ensuing conviction

comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. . . .  A guilty plea is more than a confession which admits that the accused did various acts.  It is an admission that he committed the crime charged against him.") (cleaned up); *see also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Robards v. Streeval*, No. 19-5840, 2020 WL 13563719, at *1 (6th Cir. Jan. 30, 2020) ("Robards's reliance on *Rehaif* is unavailing because his guilty plea constituted an admission of all the elements of his § 922(g) offense.").

Franklin also objects to the trial court's use of a particular guideline to determine his sentence.  But Franklin expressly waived his right to appeal or collaterally attack his sentence. Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.").  In his plea agreement, Franklin bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his sentence by any means, whether by direct appeal or collateral attack.  He is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *see also Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) ("[W]aivers of the right to bring postconviction challenges remain enforceable after changes in law[.]").

Even if he had not done so, Franklin's claim of sentencing error is not cognizable in this § 2241 proceeding.  It is true that Franklin was sentenced in 2003 in the pre-*Booker* mandatory

guidelines regime.  Even under *Hill*, that fact alone is not enough: in addition, he must identify "a subsequent, retroactive change in statutory interpretation by the Supreme Court [which] reveals that a previous conviction is not a predicate offense for a career-offender enhancement."  *Hill*, 836 F.3d at 600.  But Franklin does not contend that his sentence was improperly enhanced as a career offender.  The record would refute any such contention: Franklin's sentence was not enhanced at all, whether under 18 U.S.C. § 924(e) or U.S.S.G. § 4B1.1.  Instead, he claims only that the trial court determined his sentence by referencing the wrong subsection of the Sentencing Guidelines.  Even if correct, that was only a garden variety technical error that he could have challenged on direct appeal, had he not forfeited the right to do so.  And he does not rest his claimed entitlement to relief from this sentence upon a subsequent Supreme Court decision.  He therefore cannot assert his claim in a § 2241 petition.  *See Hill*, 836 F.3d at 597 (noting that "we have held that when a petitioner fails to identify a new case of statutory interpretation on which to base his § 2241 habeas claim, he fails to satisfy the savings clause and cannot reach § 2241").

For each of these reasons, Franklin does not satisfy the requirements of 28 U.S.C. § 2255(e) as required to seek habeas relief under § 2241.

Accordingly, it is **ORDERED** as follows:

1.      Darryl Franklin's petition, **[R. 1]**, is **DISMISSED** for lack of jurisdiction.

2.      The Court will enter a corresponding Judgment.

3.      This action is **STRICKEN** from the Court's docket.

This the 24th day of February, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 5 -